**UNITED STATES of America,**
**Appellee,**

v.

**John DOE, Defendant–Appellant.**

**No. 07–4732–cr.**

United States Court of Appeals,
Second Circuit.

Nov. 20, 2008.

Michael Jude Jannuzzi, Huntington, NY, on submission, for Appellant.

Benton J. Campbell, United States Attorney, Eastern District of New York (Susan Corkery, Burton T. Ryan, Assistant United States Attorneys, of counsel), Brooklyn, NY, on submission, for Appellee.

PRESENT: Hon. AMALYA L. KEARSE, Hon. ROBERT D. SACK and Hon. ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Defendant–Appellant John Doe appeals from the district court's denial of his motion to vacate his plea. We assume the parties' familiarity with the underlying facts, the procedural history of this case, and the issues on appeal.

Doe entered into a cooperation agreement with the government in which he agreed to plead guilty to four counts of the indictment against him in exchange for the government's promise to file a motion, pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e), if it concluded that he had abided by the cooperation agreement. The agreement stated that Doe would "provide truthful, complete and accurate information and ... cooperate fully," and "not commit, or attempt to commit, any further crimes."

Following what the government asserts was confirmation of its suspicion that Doe had engaged in drug trafficking while making proffers to the government pursuant to the cooperation agreement, the government attempted to meet with Doe to discuss the allegations. The meeting did not occur. The government declined to file the 5K1.1 letter. Doe moved for an order compelling the government to file the letter, or vacating his guilty plea on the basis that the government breached the cooperation agreement by not doing so. Doe's motion was denied. On appeal, we remanded for an evidentiary hearing as to whether the government had violated the cooperation agreement. *United States v. Roe,* 445 F.3d 202, 210 (2d Cir.2006). On remand, the district court judge once again denied Doe's motion to vacate his plea.

"We review a district court's interpretation of a cooperation agreement de novo and examine its related findings of fact for clear error." *Id.* at 206. Courts can review cooperation agreements to determine both whether "the government has lived up to its end of the bargain," *United States v. Knights,* 968 F.2d 1483, 1486 (2d Cir. 1992), and "whether the government acted fairly and in good faith," *United States v. Brechner,* 99 F.3d 96, 99 (2d Cir.1996). When a defendant breaches his or her obligations under a cooperation agreement, "[t]here can be no doubt ... that the prosecutor ha[s] ample, good faith grounds to decline to move for a downward departure." *United States v. Resto,* 74 F.3d 22, 27 (2d Cir.1996); *see also Brechner,* 99 F.3d at 99 (the government "was expressly entitled to withhold" a § 5K1.1 motion when the defendant "breached his obligations under the agreement"). Because contract principles govern cooperation agreements, the requirement that the government act in "good faith" requires only that the government have "honest dissatisfaction with the defendant's efforts." *Roe,* 445 F.3d at 207 (quoting *United States v. Reeves,* 296 F.3d 113, 116 (2d Cir.2002)). Nonetheless, the government may not decline to file a 5K1.1 letter based on the defendant's breach of the cooperation agreement if the breach consisted of facts "known to the government at the time the agreement [was] executed." *Roe,* 445 F.3d at 207.

The district court found that Doe had violated the cooperation agreement by failing to fully disclose information related to his continuing to engage in drug dealing while supposedly cooperating with the government, and by refusing to meet with the government to discuss these allegations. The government's witness at the evidentiary hearing testified that the government's belief that Doe had continued to engage in drug trafficking was based on information received from a person arrested more than a year after the execution of the coopera-

tion agreement. Crediting that testimony, the court found that the suspicion of Doe's continued drug dealing was not confirmed until after the cooperation agreement was executed. The district court also credited the witness's testimony that the government asked Doe to meet to discuss that information and that Doe refused. The district court found that the government, in good faith, believed that Doe violated the cooperation agreement by failing to provide complete information relating to his suspected continued drug trafficking, and by failing to fully cooperate with the government by refusing to meet with the government to discuss these allegations. The district court's findings as to these events and as to the government's good faith are not clearly erroneous. We agree with the court's conclusion that the cooperation agreement was therefore not breached by the government.

For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED.